**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0752n.06

Case No. 13-6167

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 01, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| **LUTHER T. SMITH, JR.**, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | **O P I N I O N** |

BEFORE: McKEAGUE and GRIFFIN, Circuit Judges; POLSTER, District Judge.[*]

**McKEAGUE, Circuit Judge.** Luther Smith Jr.'s first appeal to this Court resulted in a remand and a resentencing hearing on his three counts of tax fraud and tax evasion. The district court considered new evidence and new issues in resentencing Smith to an above-Guidelines sentence. Smith now argues that the district court was precluded from doing so because our remand was a limited one. He also claims his new sentence is procedurally and substantively unreasonable. Because our remand was a general remand and the sentence was neither procedurally nor substantively unreasonable, we **AFFIRM**.

---

[*]The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

For over ten years, Smith operated a tax scheme in which he used corporate funds to pay personal expenses without reporting those funds on his own tax returns. He was convicted on three counts of tax fraud and tax evasion and sentenced to the statutory maximum of 96 months' imprisonment. He appealed to this Court, arguing that the district court erred in excluding certain evidence at trial, that it erroneously calculated the amount of tax loss for sentencing purposes, and that it improperly applied two sentencing enhancements. We affirmed as to the exclusion of evidence and the tax loss calculation, but reversed as to the application of two sentencing enhancements. *See United States v. Smith*, 516 F. App'x 592, 599 (6th Cir. 2013) (*Smith I*).

During resentencing proceedings, the government filed a motion for upward variance under 18 U.S.C. § 3553(a). At the hearing, the district judge concluded that our remand was a general one and that it was therefore permitted to consider new evidence and new arguments. The court then agreed with the government, finding that the facts and circumstances of the case warranted an upward variance. Smith was resentenced to 72 months' imprisonment (nine months above the Guidelines range), a three-year term of supervised release, and was ordered to pay $276,668 in restitution.

**II.**

Smith claims here that our first opinion constituted a limited rather than a general remand. A general remand permits the district court to resentence the defendant *de novo*, including considering new evidence and issues. *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004) (citing *United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997)). But a limited remand restricts the district court to "the issue or issues remanded." *Id.* (internal quotation marks

omitted).  In order to issue a limited remand, this Court "'must convey clearly [its] intent to limit the scope of the district court's review.'" *Id.* (quoting *United States v. Campbell*, 168 F.3d 263, 267 (6th Cir. 1999)). In the context of resentencing, there is a strong presumption in favor of a general remand unless we outline specifically the issues to be addressed and create a narrow framework for review.  *United States v. McFalls*, 675 F.3d 599, 604–05 (6th Cir. 2012).  That limiting language must be "unmistakeable."  *Id.* at 605.  We review this legal issue of whether a remand is general or limited *de novo*.  *Id.* at 604 (citing *United States v. Gibbs*, 626 F.3d 344, 350 (6th Cir. 2010)).

The *Smith I* opinion lacks this "unmistakeable" language required to convey any intent to limit the district court's review.  The panel in *Smith I* issued the following mandate:

> Given the foregoing, we affirm the judgment of the district court as to the exclusion of the evidence and the calculation of the tax loss, but reverse as to the application of the enhancement for failing to report over $10,000 in income derived from criminal activity and the application of the obstruction of justice enhancement.

516 F. App'x at 599.  Smith incorrectly argues that the district court should have analyzed the entire opinion in context rather than focusing on the language.  It is true that our prior opinion remanded on only two sentencing enhancements, but if the remand was intended to be a limited remand, our opinion would have indicated so with specific limiting language and it would have outlined a narrow framework for review.  We did neither.  The general remand in *Smith I* therefore granted authority to the district court to reconsider the entire sentencing process while remaining consistent with the remand.

## III.

Smith next argues that his sentence is procedurally unreasonable because the district court did not adequately consider potential unwarranted sentencing disparities or his age and

health conditions and that the court improperly placed the burden on the defense to prove he did not deserve an above-Guidelines sentence. Under our *Bostic* framework, when a party has a meaningful opportunity to make procedural objections to a sentence after it is imposed, but does not do so, plain error review applies. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). The district judge in this case, after imposing the sentence, dutifully asked defense counsel whether there were any objections and counsel responded, "None other than what I made here in my argument." R. 160 at 33. Because Smith was given this opportunity to object and declined, Smith must show plain error to obtain relief. There is no error, let alone plain error.

A sentence is procedurally unreasonable if it is marked by "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Examples of significant error include failing to calculate or erroneously calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including a deviation from the Guidelines. *Id.* The sentencing court must provide reasoned explanations for its decisions, but it need not address every argument made by the parties for alternative sentences. *United States v. Lapsins*, 570 F.3d 758, 773 (6th Cir. 2009).

Smith cannot show error. The district judge expressly addressed Smith's health at the resentencing hearing, stating that the court was "not unmindful of the defendant's health condition and his age." R. 160 at 31. In imposing the sentence, the court addressed any potential unwarranted disparities under § 3553(a) when it outlined Smith's sentence and the court's reasoning for the upward variance. These reasons included (1) the number of customers and bank accounts involved in his crimes, including 60 companies, 38 bank accounts, and 60 credit cards; (2) the complexity of the scheme to evade taxes; (3) his $200,000 fraudulent insurance

claim; and (4) the failure to file tax returns for companies that were vehicles for his offenses. The resentencing court also referred to the original 96-month sentence and noted that it too was reasonable in light of the § 3553(a) factors.

## IV.

Smith argues that his above-Guidelines sentence was substantively unreasonable because several of the district court's reasons for an upward variance boil down to the "complexity" of the crime, a factor already accounted for under U.S.S.G. § 2T1.1(b)(2). This Court reviews substantive reasonableness challenges for abuse of discretion. *United States v. Penson*, 526 F.3d 331, 336 (6th Cir. 2008). A sentence might be substantively unreasonable "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir 2006) (internal quotation marks and alterations omitted).

Smith's argument here also fails. A district court may base its variance on factors included in the Guidelines, but it may not erroneously proclaim that the factors it cites are *not* included in the Guidelines calculation. *See United States v. Aleo*, 681 F.3d 290, 300 (6th Cir. 2012) (rejecting the district court's justification that the Guidelines "could not possibly have envisioned a crime as horrendous" because the Guidelines leave room for applicable enhancements). The district court did not make such a claim in this case. As outlined above, the sentencing judge adequately explained Smith's upward variance, so Smith's substantive challenges regarding unwarranted disparities and improper burden-shifting likewise fail.

For these reasons, we **AFFIRM**.