[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15713
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00018-RH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MURRAY JOHN BATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 11, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Murray John Batson appeals his convictions and sentence of 292 months of imprisonment following his conditional pleas of guilty to sexually exploiting children, 18 U.S.C. § 2251(a), (e), and to possessing and knowingly receiving or distributing child pornography, *id.* § 2252A(a)(5)(B), (b)(2). Batson challenges the denial of his motion to suppress incriminating photographs discovered on his cellular telephone. Batson also challenges the enhancement of his sentence for engaging in a pattern of activity of prohibited sexual conduct with a minor. *See* United States Sentencing Guidelines Manual § 4B1.5(b) (Nov. 2016). We affirm.

Two standards of review govern this appeal. The denial of a motion to suppress presents a mixed question of law and fact. *United States v. McCullough*, 851 F.3d 1194, 1199 (11th Cir.), *cert. denied*, 137 S. Ct. 2173 (2017). We review findings of fact for clear error and the application of the law to those facts *de novo*. *Id.* We also review *de novo* the interpretation of the Sentencing Guidelines. *United States v. Burge*, 407 F.3d 1183, 1186 (11th Cir. 2005).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. Const. amend. IV. Generally, a search of property is considered unreasonable without a warrant issued on probable cause, *Maryland v. Buie*, 494 U.S. 325, 331 (1990), but "it is well settled that one of the specifically established

2

exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent to search," *United States v. Gonzalez*, 71 F.3d 819, 827 (11th Cir. 1996) (quoting *United States v. Freyre–Lazaro*, 3 F.3d 1496, 1500–01 (11th Cir. 1993)). To determine whether consent is given voluntarily requires a case-specific examination of the totality of the circumstances. *United States v. Spivey*, 861 F.3d 1207, 1213 (11th Cir. 2017), *cert. denied,* 138 S. Ct. 2620 (2018). Voluntariness hinges on factors such as whether the defendant was in custody, whether the police used coercive tactics, the extent of the defendant's cooperation, his awareness of his right to refuse consent, his education and intelligence, and his belief that an officer will not discover incriminating evidence. *Id.* The decision to consent is voluntary when an officer does not use imperatives and instead makes requests that the defendant is free to deny. *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc). And property is not seized within the meaning of the Fourth Amendment until an officer exercises "dominion and control over" the property, *United States v. Jacobsen*, 466 U.S. 109, 118–22 (1984), or commits "some meaningful interference with [the defendant's] possessory interests in that property," *Soldal v. Cook County, Ill.*, 506 U.S. 56, 61 (1992).

The district court did not err by denying Batson's motion to suppress. "A search is reasonable and does not require a warrant if law enforcement obtains voluntary consent," *Spivey*, 861 F.3d at 1213, and testimony from Investigators

Cheree Edwards and Steven Smith and from Batson established that he willingly allowed them to view the contents of and freely relinquished his cellular telephone to them for a forensic examination. During the investigators' first visit, Batson admitted them to his home, pointed out peepholes, signed a consent-to-search form, showed them video recordings and photographs on his telephone, and then gave his telephone to Investigator Smith. When the investigators returned later that day, Batson invited them to "come on in," he volunteered that they "caught" him downloading a pornographic video, he replayed the video on his telephone, he handed the telephone to the investigators, and he gave them written consent to search the telephone. Although the investigators did not tell Batson that he had a right to refuse consent, in the light of his unconditional cooperation, they were not required to do so for his consent to be voluntary. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 234 (1973) ("knowledge of a right to refuse is not a prerequisite of a voluntary consent"). And because Batson possessed his telephone when he asked to delete a pornographic video and the investigators responded that they preferred for him to "keep the phone as it is," there was no "meaningful interference with [Batson's] possessory interests in his property" to taint the voluntariness of his later decision to relinquish his telephone for a forensic examination. *See Soldal*, 506 U.S. at 61 (quoting *Jacobsen*, 466 U.S. at 113). As Batson stated during his suppression hearing, he was "nice and helpful" to the investigators. The district

4

court did not clearly err in finding that Batson decided to cooperate with investigators and consented for them to search his cellular telephone.

The district court also did not err in concluding that Batson's multiple sexual offenses involving the same minor victim qualified as a pattern of sexual activity. A defendant is subject to a five-level enhancement of his sentence if his "instant offense of conviction is a covered sex crime . . . and [he] engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1). A pattern of activity exists "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.* § 4B1.5 cmt. n.4(B)(i). We interpret language in the guidelines consistent with its "plain and ordinary meaning," *United States v. Tham*, 118 F.3d 1501, 1506 (11th Cir. 1997), and "[i]n common terms, when 'a' or 'an' is followed by a restrictive clause or modifier, this typically signals that the article is being used as a synonym for either 'any' or 'one,'" *United States v. Warren*, 820 F.3d 406, 408 (11th Cir. 2016) (quoting *United States v. Alabama*, 778 F.3d 926, 932 (11th Cir. 2015)). The use of the singular term "a minor" in section 4B1.5(b)(1) reveals that the five-level enhancement applies when the defendant abuses the same minor. That conclusion is not novel; the Eighth, Sixth, and Second Circuits have interpreted section 4B1.5(b)(1) the same way. *United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013) (holding that section 4B1.5(b)(1) applies to a defendant who abuses the same minor on multiple

occasions); *United States v. Brattain*, 539 F.3d 445, 448 (6th Cir. 2008) ("[T]he plain language of § 4B1.5(b)(1) and its application note apply to defendants who abuse only a single victim."); *United States v. Phillips*, 431 F.3d 86, 90 (2d Cir. 2005) ("Under Application Note 4 [to section 4B1.5], . . . the 'pattern' can be satisfied by the exploitation of one minor, instead of two . . . ."). Batson confessed that he touched his victim's genitalia as she slept, and a federal agent testified at sentencing that Batson's cellular telephone contained "numerous photographs of [his victim] in various positions, [wearing] various outfits, [in] various locations within the home, with hands penetrating her vagina, [and his] penis penetrating her lips." The district court correctly increased Batson's offense level by five levels for his pattern of sexual activity.

We **AFFIRM** Batson's convictions and sentence.