[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13042
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cr-00039-RH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE JONATHON HARRELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 10, 2019)

Before WILSON, NEWSOM, Circuit Judges, and PROCTOR,* District Judge.

PER CURIAM:

---

* Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Lonnie Harrelson appeals his 360-month sentence imposed after he pleaded guilty to one count of sexually exploiting a minor through the production of child pornography under 18 U.S.C. § 2251(a) and (e).  Harrelson argues that the district court erred in applying a five-level enhancement under U.S.S.G. § 4B1.5(b) based on its conclusion that he engaged in a "pattern of activity" involving prohibited sexual conduct with a minor.  Harrelson also argues that his sentence is procedurally and substantively unreasonable because the district court did not consider his lack of criminal history and his traumatic childhood when it imposed his sentence.  After review, we affirm.

## I.

A federal grand jury indicted Harrelson on one count of production of child pornography under 18 U.S.C. § 2251(a) and (e) (Count One) and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count Two).  Harrelson pleaded guilty to Count One pursuant to a written plea agreement in exchange for the dismissal of Count Two.  At his plea hearing, Harrelson admitted to making videos of himself and H.R., a nine-year-old girl, engaged in sexual activity.

Harrelson's base offense level was 32 under U.S.S.G. § 2G2.1(a).  The probation officer applied (1) a four-level increase under § 2G2.1(b)(1)(A) because the offense involved a minor under the age of 12; (2) a two-level increase under

2

§ 2G2.1(b)(2)(A) because the offense involved a sexual act or sexual contact; and (3) a four-level increase under § 2G2.1(b)(4) because the offense involved material that portrays sadistic or masochistic conduct.  The probation officer also applied a five-level enhancement under § 4B1.5(b)(1) because Harrelson had engaged in a "pattern of activity" involving prohibited sexual conduct with a minor.  Harrelson received a three-level decrease for acceptance of responsibility under § 3E1.1(a), resulting in a total offense level of 43.  Harrelson had a criminal history category of I.  Based on a total offense level of 43 and a criminal history category of I, Harrelson's guideline range was life imprisonment.  But because the statutory maximum for his offense was 30 years, his guideline term of imprisonment was 360 months.

Harrelson filed objections to the presentence investigation report (PSI). First, Harrelson argued that the "pattern of activity" enhancement should not apply because there was only one incident of sexual contact with H.R., and one incident could not amount to a "pattern."  Harrelson also argued that a 240-month sentence would be appropriate given his own traumatic childhood, in which he endured physical and sexual abuse.

At Harrelson's sentencing hearing, the government called Agent Noah Miller as a witness.  While investigating Harrelson, Agent Miller uncovered multiple videos and photographs depicting sexual activity between Harrelson and

3

H.R.  While the videos and photos do not clearly show H.R.'s face, H.R.'s mother identified her as the victim in the videos and photographs.  H.R. was also able to describe in detail the acts which took place in the videos, although she could not remember how many times Harrelson had abused her.  In sum, the government presented at least seven different date-stamped photographs, in addition to the videos, showing Harrelson engaged in sexual contact or activity with H.R. Harrelson argued this evidence was insufficient to constitute a pattern of activity. The court ultimately overruled Harrelson's objection and imposed the five-level enhancement, finding that the applicable guideline did not require multiple victims to establish a pattern.

At the sentencing hearing, the government introduced a letter from S.H., Harrelson's daughter, who was also a victim of sexual abuse.[1]  S.H.'s letter indicated that she feared that other children would be harmed if Harrelson was released from prison.  Both Harrelson and the government requested that the court impose a sentence of 240 months.  In his sentencing memorandum, Harrelson emphasized that he had endured a traumatic childhood and that he was remorseful for his actions.

---

[1] While there is no evidence that Harrelson himself sexually abused S.H., there is evidence that Harrelson allowed (and even facilitated) another adult male's sexual abuse of S.H.  Because Harrelson was not charged for this conduct in this case, we have largely excluded these facts from our discussion.

The district court ultimately sentenced Harrelson to the statutory maximum of 360 months imprisonment, followed by a life term of supervised release. The court did so after confirming that it had reviewed Harrelson's sentencing memorandum. The court explained that the sentence was sufficient given all of the 18 U.S.C. § 3553(a) factors and the circumstances surrounding the case, and found that a lower sentence would not accomplish the sentencing purposes identified in the statute. The court noted that the case involved a pattern of activity which, while acting to increase the guideline range, also called for a substantial sentence.[2] The court reiterated that it had considered all of the § 3553(a) factors and indicated that it would be willing to address any specific factor that either party wanted the court to address, to which neither side responded.

## II.

On appeal, Harrelson first argues that the district court erred in applying the five-level enhancement under § 4B1.5(b)(1). We review the district court's interpretation of the guidelines and its application of the guidelines to the facts de novo. *United States v. Moran*, 778 F.3d 942, 959 (11th Cir. 2015).

---

[2] The court explicitly noted that it did not rely on hearsay evidence about the sexual abuse of other minors in determining Harrelson's sentence. The court explained that it would impose the 360-month sentence because the photographs, videos, and admitted facts involving H.R. were sufficient to sustain such a sentence.

Section 4B1.5(b)(1) of the Sentencing Guidelines provides for a five-level enhancement in "any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1). A "pattern of activity" exists if, "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.* § 4B1.5, comment. n.4(B)(i).

On appeal, Harrelson argues that multiple occasions of unlawful sexual contact with a single victim is insufficient to show a "pattern of activity." For this enhancement to apply, Harrelson argues, the government instead must show unlawful sexual contact against multiple minors. Harrelson's argument is squarely foreclosed by our precedent in *United States v. Fox*, No. 18-10723, 2019 WL 2461709 (11th Cir. June 13, 2019). In *Fox*, we held, consistent with our sister circuits, that the § 4B1.5(b)(1) enhancement properly applies when the defendant engages in repeated prohibited sexual conduct with the same minor. *Id*. at *3; *see also United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013); *United States v. Brattain*, 539 F.3d 445, 447–48 (6th Cir. 2008); *United States v. Phillips*, 431 F.3d 86, 90 n.5 (2d Cir. 2005). The record supports, and Harrelson does not dispute on appeal, that he sexually abused H.R. on multiple occasions. The district court thus properly applied the § 4B1.5(b)(1) enhancement.

6

Harrelson also argues that his 360-month sentence was both procedurally and substantively unreasonable. We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be procedurally unreasonable if the sentencing court fails to properly calculate the guideline range, consider the 18 U.S.C. § 3553(a) factors, or adequately explain the chosen sentence. *Id.* But we do not require a district court to explain each of the § 3553(a) factors. Rather, it is sufficient for the court to acknowledge that it considered the defendant's arguments and the § 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence. *Gall*, 552 U.S. at 51. In reviewing a district court's sentence for substantive reasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the § 3553(a) factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

7

18 U.S.C. § 3553(a)(1), (2)(A)–(C).  The court should also consider the kinds of sentences available, the applicable Guideline range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(3)–(4), (6)–(7).

The weight given to any specific § 3553(a) factor is within the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  The district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable.  *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).  We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Harrelson's sentence is both procedurally and substantively reasonable.  As to procedural reasonableness, the court considered Harrelson's sentencing memorandum, in which he asked for leniency given his traumatic childhood and remorse for his actions.  The court also stated that it had considered all the § 3553(a) factors before imposing the sentence.  *See Dorman*, 488 F.3d at 938.  And, although it was not required to, the court offered to explain the reasoning for

8

its sentence based upon any of the § 3553(a) factors to either side, to which neither side responded.

Harrelson's sentence, which was within the guideline range, was also substantively reasonable. Both the nature of Harrelson's crime, which involved the ongoing sexual abuse of a minor, and the need to protect the public, as illustrated by S.H.'s letter to the court, support Harrelson's sentence. Harrelson argues that the district court failed to consider his difficult childhood and lack of criminal history, but the district court was not required to explicitly address the mitigating factors for the sentence to be substantively reasonable. *See Snipes*, 611 F.3d at 873. Accordingly, we affirm.

**AFFIRMED.**