RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0033p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

No. 19-5277

*v.*

RANDALL HOLLON,

*Defendant-Appellant*.

─────────────────

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 6:17-cr-00004-1—Gregory F. Van Tatenhove, District Judge.

Decided and Filed:  January 30, 2020

Before:  MERRITT, CLAY, and BUSH, Circuit Judges

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:**  Patrick F. Nash, NASH MARSHALL, PLLC, Lexington, Kentucky, for Appellant. Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, R. Nicholas Rabold, UNITED STATES ATTORNEY'S OFFICE, London, Kentucky, for Appellee.

─────────────────

## OPINION

─────────────────

   **MERRITT, Circuit Judge.**  Defendant Randall Hollon pled guilty to one count of engaging in a child exploitation enterprise and was sentenced to 270 months of incarceration and a 15-year term of supervised release.  On appeal, Hollon argues that the district court erred in applying the covered sex crime enhancement under U.S.S.G. § 4B1.5(b).  For the following reasons, we **AFFIRM**.

## I.

On June 23, 2016, employees of the Federal Bureau of Investigation's Boston, Massachusetts, Field Office and the Arlington, Massachusetts, Police Department executed a search warrant on the residency of Mason Lister to gather evidence of the possession, receipt, and distribution of child pornography. During the warrant execution, Lister told investigators that he used his iPad to receive and distribute child pornography through his Kik Messenger account, an electronic messaging application. Lister then gave consent for the FBI and Arlington Police Department to search and assume his online identity for his Kik account.

On July 13, 2016, an undercover FBI agent accessed Lister's Kik Account. In a chat thread labeled "Boys", the FBI agent observed that the user of Kik account "likeboyxx" had distributed four images of child pornography on July 8, 2016.

On July 25, 2016, the FBI issued an administrative subpoena to Kik Interactive, Inc., requesting information for the likeboyxx account. The return by Kik Interactive, Inc., indicated that the user of the likeboyxx account registered the account with the first name "R" and last name "H", and the email address of "randallhollon@gmail.com." The return also provided the Internet Protocol (IP) address.

On October 17, 2016, the FBI issued an administrative subpoena to Time Warner Cable, requesting information for customers using the IP address provided by Kik Interactive from June 1, 2016, to October 16, 2016. Time Warner identified only one subscriber to that IP address from June 23, 2016, through October 16, 2016: Randall Hollon of Corbin, Kentucky.

FBI agents of the Louisville, Kentucky, Field Office then obtained a search warrant for Hollon's residence to locate evidence of possession and distribution of child pornography. FBI personnel executed the search warrant on January 11, 2017. At Hollon's residence, they found two electronic devices of Hollon's. One device contained the profile picture for the Kik account likeboyxx, and the second device contained the Kik application. Upon opening the Kik account on the second device, the profile picture from the first device appeared as well as several pornographic images of prepubescent boys from another Kik account.

On January 12, 2017, a criminal complaint issued from the United States District Court for the Eastern District of Kentucky alleging that Hollon distributed child pornography in violation of 18 U.S.C. § 2252(a)(2) and possessed child pornography in violation of 18 U.S.C. § 2252(a)(4).

On January 26, 2017, an indictment issued from the Eastern District of Kentucky. The indictment charged Hollon with the same two counts as the criminal complaint.

A superseding indictment was issued on March 23, 2017. The superseding indictment charged Hollon with four counts of distributing child pornography (Counts 1, 3, 4, and 5), one count of possessing child pornography (Count 2), and one count of receiving child pornography (Count 6), each in violation of different provisions of 18 U.S.C. § 2252(a)(2). The superseding indictment also charged Hollon with one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g).[1]

The superseding indictment alleged that the "series of felony violations constituting three or more separate incidents" required by § 2252A(g) included the charges of distributing and receiving child pornography. The superseding indictment also alleged that Hollon committed the series of felony violations while acting in concert with at least ten other persons, each a member of a group called "Boy Friends" on another electronic messaging application, Telegram.

On August 2, 2017, Hollon pled guilty to engaging in a child exploitation enterprise. In his guilty plea, Hollon admitted that he was an administrator of the "Boy Friends" Telegram group, with the power to admit and exclude other users. He further admitted that the purpose of the group was to facilitate the distribution and receipt of child pornography. After Hollon pled

---

[1]18 U.S.C. § 2252A(g) states:

(1) Whoever engages in a child exploitation enterprise shall be fined under this title and imprisoned for any term of years not less than 20 or for life.

(2) A person engages in a child exploitation enterprise for the purposes of this section if the person violates section 1591, section 1201 if the victim is a minor, or chapter 109A (involving a minor victim), 110 (except for sections 2257 and 2257A), or 117 (involving a minor victim), as part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other persons.

guilty, the government disclosed that Hollon's nephew, "J.H.", was interviewed on January 31, 2017. Defense counsel evidently did not know of the interview until this time.

J.H. reported that, several years prior to the interview, he discovered child pornography on one of Hollon's electronic devices. J.H. also described several occasions when Hollon engaged in sexual behavior with J.H. When J.H. was in the fifth grade, Hollon began to rub his back while J.H. was shirtless, eventually rubbing J.H.'s buttocks, turning him over, and touching J.H.'s genitals. J.H. stated that Hollon had an orgasm during this time. On another occasion, Hollon allegedly attempted to force J.H. to touch Hollon's genitals with his hand, and there was another instance where Hollon tried to force J.H. to touch Hollon's genitals with his mouth. J.H. stated that when he was a bit older, Hollon placed his mouth on J.H.'s genitals, causing J.H. to have an orgasm. The last conduct of this sort apparently occurred within a year prior to the interview. J.H. claimed that Hollon also created J.H. a Kik account through which Hollon sent J.H. pictures of Hollon's genitals. J.H. claimed he soon deleted his Kik account.

On March 22, 2019, the Probation Office entered a Presentence Investigative Report (the Report). The Report gave Hollon a base offense level of 35 for violating § 2252A(g). *See* U.S.S.G. § 2G2.6(a). The Report increased Hollon's offense level by four because a victim was under the age of twelve years old. *See* U.S.S.G. § 2G2.6(b)(1)(A). In addition, because there was a computer or an interactive computer service used in furtherance of the offense, the Report increased the offense level by two. *See* U.S.S.G. § 2G2.6(b)(4). However, the Report decreased the offense level by three because Hollon accepted responsibility for his actions. *See* U.S.S.G. § 3E1.1(a). Finally, the Report applied a five-level enhancement because the Report found that Hollon's violation of § 2252A(g) is a "covered sex crime" under U.S.S.G. § 4B1.5(b).[2] *See*

---

[2]U.S.S.G. § 4B1.5(b)(1) states, in relevant part:

> (b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
>
> > (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three . . . .

A covered sex crime is defined as "an offense, perpetrated against a minor, under . . . chapter 110 [of title 18], not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense[.] *Id.* at cmt. n.2; *see also* 18 U.S.C. § 2252A(g) (engaging in a child exploitation enterprise listed under Title 18, chapter 110). A "pattern of activity" is defined as two or more separate occasions of prohibited sexual conduct. *Id.* at cmt.

U.S.S.G. § 4B1.5(b).  The Report determined that Hollon's conduct regarding J.H. was "a pattern of activity involving prohibited sexual conduct" for purposes of § 4B1.5(b).[3]  The Report indicated that the application of the § 4B1.5(b) enhancement was consistent with guidance provided by the United States Sentencing Commission to the Probation Office.  This resulted in a final offense level of 43.  With a criminal history category of I, the Report recommended a life sentence.

Hollon objected to the covered sex crime enhancement.  The district court overruled the objection and sentenced Hollon to 270 months of incarceration and a 15-year term of supervised release.  This appeal followed.

## II.

Hollon raises one issue on appeal: whether the crime of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) is a "covered sex crime" under U.S.S.G. § 4B1.5(b).  We are not asked to inquire into the factual underpinnings of the enhancement.

This appeal asks us to interpret a sentencing guideline, which we review de novo.  *United States v. Duke*, 870 F.3d 397, 401 (6th Cir. 2017).

Hollon argues that the covered sex crime enhancement does not apply to him because the underlying felony violations resulting in the charge of engaging in a child exploitation enterprise were distributing and receiving child pornography, crimes under title 18 chapter 110 explicitly

---

n.4(B)(i).  "Prohibited sexual conduct" means "(i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography."  *Id.* at cmt. n.4(A).  "An occasion of prohibited sexual conduct may be considered" regardless of whether "the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."  *Id.* at cmt. n.4(B)(ii).

[3]The Report concluded that the conduct with J.H. amounted to "sexual abuse of a minor" as defined under 18 U.S.C. § 2243(a), which is referenced by 18 U.S.C. § 2426(b)(1)(A) or (B).  18 U.S.C. § 2426(b)(1)(A) ("'prior sex offense conviction' means a conviction for an offense . . . [under] chapter 109A.").  Hollon does not dispute this factual finding on appeal.

excluded from the "covered sex crime" definition.  While Hollon's argument is appealing, it does not withstand our interpretation of the Guidelines.[4]

"In construing the Guidelines, we employ the traditional tools of statutory interpretation, beginning with the text's plain meaning." *United States v. Babcock*, 753 F.3d 587, 591 (6th Cir. 2014).  The commentary to the Guidelines interprets the Guidelines' text.  *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc).  As such, "[t]his Court should also treat the commentary to the Guidelines as authoritative." *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005).

Application note 2 defines a "covered sex crime" to include crimes under title 18 chapter 110, "not including trafficking in, receipt of, or possession of, child pornography[.]"  U.S.S.G § 4B1.5 cmt. n.2.  Because the exclusory list does not mention "engaging in a child exploitation enterprise," interpreting the commentary in such a way would be inconsistent with the Commission's intent.  *See Stinson v. United States*, 508 U.S. 36, 45 (1993) ("[W]e can presume that the interpretations of the guidelines contained in the commentary represent the most accurate indications of how the Commission deems that the guidelines should be applied . . . .").  We refuse to fashion another crime excluded from the "covered sex crime" definition.

Additionally, the focus of the crime of engaging in a child exploitation enterprise is not the underlying felony violation.  The focus is on the enterprise and organizational aspects of the crime—the series of offenses committed while acting in concert with others.  This is shown by a defendant's ability to engage in a child exploitation enterprise by committing a variety of underlying felonies.  *See* 18 U.S.C. § 2252A(g)(2).  Moreover, the elements of engaging in a child exploitation enterprise are "(1) the defendant committed at least three separate predicate offenses that constitute a series of at least three incidents; (2) more than one underage victim was involved; and (3) at least three other people acted 'in concert' with the defendant to commit the predicate offenses." *United States v. Daniels*, 653 F.3d 399, 411 (6th Cir. 2011).  Thus, at least for purposes of applying the covered sex crime enhancement, we do not inquire into the specific

---

[4]The Report based the application of U.S.S.G. § 4B1.5(b) on the facts represented by J.H., not the underlying felony violations that were eventually terminated as a result of Hollon's guilty plea.  But for purposes of this appeal, and the lack of law on this specific issue, we will address Hollon's arguments.

conduct of the underlying felony violations, so long as the defendant committed the requisite number of enumerated felonies under § 2252A(g).

The legislative history of § 4B1.5 also supports applying § 4B1.5(b) to engaging in a child exploitation enterprise. The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, enhanced punishments for the sexual trafficking of minors. The Act, among other things, created the crime of engaging in a child exploitation enterprise. *Id.* at § 701; *Daniels*, 653 F.3d at 411. The United States Sentencing Commission amended the Guidelines in response to the Act, amending some areas specifically because of the new crime. For example, the Commission created U.S.S.G. § 2G2.6 to establish the base level offense for engaging in a child exploitation enterprise. *See* U.S.S.G. § 2G2.6; Notice of Proposed Amendments, 72 Fed. Reg. 4372, 4380 (Jan. 30, 2007). The Commission also amended the commentary to § 4B1.5 by adding 18 U.S.C. § 1591 to the list of covered sex crimes. *See* U.S.S.G. § 4B1.5 cmt. n.2; Notice of Proposed Amendments, 72 Fed. Reg. at 4379, 4381. The Commission's intent was thus to broaden the definition of "covered sex crimes" in response to the Act, as the Commission increased the number of crimes within the "covered sex crime" definition but did not further limit the definition as applied to crimes under title 18 chapter 110. If the Commission sought to exclude engaging in a child exploitation enterprise from the "covered sex crime" definition, it would have done so.[5]

Hollon also contends that the enhancement does not apply to him because this is his first offense, and the enhancement is intended to be applied only to repeat offenders. In so doing, Hollon focuses on the background commentary to § 4B1.5. We disagree.

The commentary to § 4B1.5(b) states that a "pattern of activity involving prohibited sexual conduct" may be established regardless of whether the occasions creating the pattern resulted in a conviction. U.S.S.G. § 4B1.5(b) cmt. n.4(B)(i)–(ii); *see United States v. Brattain*, 539 F.3d 445, 447–48 (6th Cir. 2008) (suggesting that courts should focus on the application notes instead of the background commentary). The enhancement thus considers the pattern of prohibited sexual conduct as that which makes the defendant a repeat and dangerous sex

---

[5]This, too, is also consistent with the Act's overall purpose of enhancing punishment for sexual crimes involving minors. *See Daniels*, 653 F.3d at 411.

offender, not past criminal history.  *See* U.S.S.G. § 4B1.5(b) cmt. n.4(B)(i)–(ii).  This is consistent with prior opinions of this Court, as we have affirmed sentences applying the § 4B1.5(b) enhancement to other defendants with similar criminal history.  *See United States v. Hall*, 733 F. App'x 808, 810 (6th Cir. 2018); *United States v. Brown*, 634 F. App'x 477, 479, 483 (6th Cir. 2015); *United States v. Kerestes*, 375 F. App'x 509, 510, 513 (6th Cir. 2010); *Brattain*, 539 F.3d at 446, 448.

## III.

For the foregoing reasons, we hold that engaging in a child exploitation enterprise is a "covered sex crime" for purposes of the U.S.S.G. § 4B1.5(b) enhancement and therefore **AFFIRM** the district court.