NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0387n.06

Case No. 22-5919

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 18, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
    Plaintiff - Appellee, )
)
v. )
)
ZACHARY ALBERT KNIGHT, )
    Defendant - Appellant. )
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

OPINION

Before: GIBBONS, READLER, and DAVIS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Zachary Albert Knight was sentenced to 240 months' imprisonment for the attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Knight now appeals the district court's application of a five-level sentencing enhancement under U.S. Sentencing Guideline § 4B1.5(b)(1). Because Knight's offense of conviction is a covered sex crime and because he engaged in a pattern of activity involving "prohibited sexual conduct," the district court's application of the sentencing enhancement was procedurally reasonable. We therefore affirm the district court's judgment and sentence.

I.

In April 2020, Zachary Knight began communicating with an adult female living in Virginia ("M.S."[1]) who had access to minor females. Using Facebook Messenger, the internet, and his cell phone, Knight asked M.S. to send him pictures of the minor females wearing lingerie

---

[1] The PSR references the adult female as M.S., but the Plea Agreement refers to the same adult female as "Subject 1." *See* DE 23, Plea Agreement, Page ID 150.

or undressed, sought to teach the minors sex education through video sessions involving sexual acts, and ultimately obtained permission to directly message and Facetime with one minor ("V1"). Knight purchased a vibrator and mailed it to M.S.'s address for the use of V1 and the other female minors during his proposed sex education sessions. Knight's attempts continued at least until spring 2021, and he admitted that he had also received and possessed visual depictions of other minors engaged in sexually explicit conduct. Despite Knight's repeated requests, neither M.S. nor V1 sent sexually explicit material to Knight.

Knight was charged with attempted enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b), and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a). He ultimately pled guilty to an information charging him with attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). In his plea agreement, the parties disputed the application of a five-level enhancement pursuant to U.S.S.G. § 4B1.5(b), which applies if the "offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct." DE 23, Plea Agreement, Page ID 155.

The United States Probation Office calculated Knight's base offense level as 32, adjusted to 36 after a four-level increase for specific offense characteristics not at issue in this appeal. The PSR then recommended application of the five-level enhancement under U.S.S.G. § 4B1.5(b) and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 38.

Knight objected to the § 4B1.5(b) enhancement, arguing that he "did not engage in a 'pattern of activity involving *prohibited sexual conduct*'" and that his "attempt conduct is not 'production' within the meaning of [U.S.S.G.] § 4B1.5." DE 41, Objections to PSR, Page ID 258 (emphasis in original). Without the enhancement, Knight asserted that the PSR should have

calculated his total offense level as 33 and recommended a Guidelines imprisonment range of 135 to 168 months.

After considering Knight's objection, the Probation Office did not change its recommendation to apply the enhancement. It explained that Knight had engaged in behavior that would qualify as a pattern of activity involving prohibited sexual conduct on at least two separate occasions—when Knight directly asked V1 to send him a picture of her in lingerie and when he directly asked V1 about using the vibrator Knight purchased for her. The Probation Office referred to Application Note 4(B)(i) to U.S.S.G. § 4B1.5(b), which provides that "prohibited sexual conduct" includes "any offense described in 18 U.S.C. § 2426(b)(1)(A)," which in turn incorporates offenses under chapter 110 of Title 18. DE 41, Addendum to the PSR, Page ID 264 (quoting U.S.S.G. § 4B1.5(b)(i)). Because Knight's attempts to entice minors to engage in sexually explicit conduct would be considered an offense under Chapter 110 of Title 18, the Probation Office considered Knight's conduct encompassed within the term "prohibited sexual conduct." The PSR left unchanged its calculation of the total offense level of 38, criminal history category of 1, and Guidelines imprisonment range of 235 to 293 months.

At sentencing, the district court allowed Knight to address his objection to the application of the enhancement. Knight challenged only the portion of U.S.S.G. § 4B1.5 referring to "prohibited sexual conduct." DE 45, Sent'g Tr., Page ID 275. In support, Knight argued that his conduct was not encompassed within the Guidelines language and purpose, which is primarily intended to apply to repeat offenders with prior sexual convictions, which he did not have. Knight also argued that then-recent cases in the Eighth and Second Circuits had wrongly decided that attempt offenses were encompassed within the Guidelines language. *See United States v. Morgan*,

842 F.3d 1070, 1076-77 (8th Cir. 2016); *United States v. Broxmeyer*, 699 F.3d 265, 284-88 (2d Cir. 2012).

The government countered that the plain language of U.S.S.G. § 4B1.5 and the decisions in *Morgan* and *Broxmeyer* supported application of the enhancement for attempt offenses. The government also pointed to *United States v. Al-Cholan*, 610 F.3d 945, 954-55 (6th Cir. 2010), where we held that no prior conviction was needed for the § 4B1.5 enhancement to apply and considered attempt offenses as "prohibited sexual conduct" in the context of this enhancement, albeit without specifically considering the argument that attempt offenses do not support the enhancement.

The district court acknowledged that it lacked directly applicable Sixth Circuit precedent but found that *Al-Cholan,* while primarily addressing the pattern of activity language in the Guidelines, was still instructive in holding that a prior conviction was not necessary for the enhancement to apply. Following the guidance of the Eighth and Second Circuits, the district court held that the enhancement applied. It adopted the factual findings and advisory guideline applications set forth in the PSR, including the total offense level of 38, criminal history category of I, and advisory guideline range of 235-293 months. Knight was sentenced to a term of 240 months' imprisonment to be followed by a lifetime term of supervised release. He timely appealed.

II.

In reviewing a criminal sentence, we consider its substantive and procedural reasonableness. *United States v. Snelling*, 768 F.3d 509, 511 (6th Cir. 2014). Procedural reasonableness "is concerned with the method by which the court arrives at the sentence." *Id.* at 512. A sentence is procedurally unreasonable if it is marked by "significant procedural error, such

as failing to calculate (or improperly calculating) the Guidelines range[.]" *Gall v. United States*, 552 U.S. 38, 51 (2007).

We normally review procedural reasonableness challenges, when preserved, for abuse of discretion. *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015). However, "[t]his appeal asks us to interpret a sentencing guideline, which we review de novo." *United States v. Hollon,* 948 F.3d 753, 757 (6th Cir. 2020) (citing *United States v. Duke*, 870 F.3d 397, 401 (6th Cir. 2017)).

III.

The district court's application of the five-level enhancement under U.S.S.G. § 4B1.5(b) is the only issue on appeal. Sentencing Guideline § 4B1.5(b)(1) provides for a five-level increase of a defendant's offense level if three conditions are satisfied: first, "the defendant's instant offense of conviction is a covered sex crime"; second, "neither § 4B1.1 nor subsection (a) of this guideline applies"; and third, "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1).

Knight advances one argument: that the third condition of § 4B1.5(b)(1) was not satisfied. Specifically, although Knight concedes that he engaged in a "pattern of activity," he argues that the Guidelines text, commentary, and legislative history do not support a definition of "prohibited sexual conduct" that encompasses his attempts to entice minors to engage in unlawful sexual activity. In response, the government argues that the ordinary meaning of the term "prohibited sexual conduct" covers Knight's attempted conduct, and even if the plain meaning of the term were genuinely ambiguous, the Guidelines commentary is entitled to deference.

"Prohibited sexual conduct" is not defined in the Guidelines text itself. When construing a Guidelines term that lacks its own definition, "we employ the traditional tools of statutory interpretation, beginning with the text's plain meaning." *Hollon*, 948 F.3d at 757 (quoting *United*

*States v. Babcock*, 753 F.3d 587, 591 (6th Cir. 2014)). If the text's plain meaning is clear, then it is both the start and end of the interpretive analysis. *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001). "[D]ictionaries are a good place to start," *United States v. Zabawa*, 719 F.3d 555, 559 (6th Cir. 2013), to identify the range of meanings that a reasonable person would give to a phrase like "prohibited sexual conduct."

In his initial brief, Knight states that the plain text of U.S.S.G. § 4B1.5(b) does not support the district court's construction of the phrase "prohibited sexual conduct" to include attempted conduct—notably because the Guidelines text does not contain the word "attempt." But the government responds that Knight waived this issue because he failed to develop the argument further, and, nevertheless, that the plain text of "prohibited sexual conduct" encompasses Knight's actions. We do not find that waiver occurred here, but we agree that the text's plain meaning encompasses Knight's conduct.

Turning to the plain-text analysis, "prohibited" is defined as "not permitted[;] forbidden by authority." *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/prohibited; *see also* Dictionary.com, https://www.dictionary.com/browse/prohibited (defining "prohibited" as "forbidden by authority or law"); Oxford English Dictionary, https://www.oed.com/view/Entry/152256?rskey=yef1Hq&result=2&isAdvanced=false#eid (defining "prohibited" as "[f]orbidden, banned; excluded; subject to a prohibition . . ."). These definitions demonstrate that the ordinary meaning of "prohibited" encompasses something that is not permitted by law.

Dictionary definitions of the term "sexual" also demonstrate a common textual understanding. "Sexual" means "of, relating to, or associated with sex or the sexes"; "having or involving sex." *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/sexual. It is

also defined as "of, relating to, or for sex; occurring between or involving the sexes." Dictionary.com, https://www.dictionary.com/browse/sexual; *see also* Oxford English Dictionary, https://www.oed.com/view/Entry/177084?redirectedFrom=sexual#eid ("Of, relating to, or arising from the fact or condition of being either male or female; . . . arising from gender, orientation with regard to sex, or the social and cultural relations between the sexes."). Finally, the term "conduct" is generally defined as "personal behavior; way of acting; bearing or deportment[.]" *See* Dictionary.com, https://www.dictionary.com/browse/conduct; *see also* Merriam-Webster, https://www.merriam-webster.com/dictionary/conduct (defining "conduct" as "a mode or standard of personal behavior especially as based on moral principles[.]"). "Prohibited sexual conduct," then, covers personal behavior associated with sex that is forbidden by law. While these words "can mean different things in different contexts," *United States v. Riccardi*, 989 F.3d 476, 486 (6th Cir. 2021), Knight does not point out any context-specific distinctions that are relevant here.

By its plain text, the phrase "prohibited sexual conduct" encompasses Knight's conduct, and the five-level enhancement under U.S.S.G. § 4B1.5(b) applies. Knight's personal behavior was sexual in nature: he sent sex toys and lingerie for use by minors, requested the production of sexually explicit photos of minors, and sought to livestream sessions involving minors engaged in sexually explicit behavior. Although Knight was unsuccessful at producing child pornography or enticing minors into engaging in criminal sexual activity, his attempts to do so were still forbidden by law. *See* 18 U.S.C. § 2251(a), (e); 18 U.S.C. § 2422(b). His actions therefore fall within the plain language of the Guideline term "prohibited sexual conduct" under U.S.S.G. § 4B1.5(b)(1).[2]

---

[2] At oral argument, Knight challenged plain-text interpretation by arguing that there was no limiting principle to the term "prohibited sexual conduct." But that question need not be resolved here, as the plain language encompasses Knight's actions. Had Knight engaged in an action that was part of his attempted child pornography, but was not itself sexual conduct—for instance, if the PSR had stated that Knight crossed state lines in an attempt to produce child pornography—

The Guidelines' legislative history and purpose support this reading. U.S.S.G. § 4B1.5 was created by Sentencing Guideline Amendment 615, effective November 1, 2001, increasing the set of offenders subject to sentencing enhancements. *See* U.S.S.G. app. C, amend. 615 (eff. Nov. 1, 2001). The amendment, entitled "Repeat and Dangerous Sex Offender Against Minors," sought to subject "repeat child sex offenders" to tiered levels of punishment. *Id.* The inclusion of the second tier, § 4B1.5(b), was intended to apply to those offenders who did not fall under § 4B1.5(a) but who still posed a threat due to their engagement in repeated instances of "prohibited sexual conduct" against minors, including "sexual abuse or exploitation." *Id.* This purpose primarily underscores the "pattern of activity" language contained in § 4B1.5(b), but also supports that unlawful sexual conduct directed towards minors—be it charged or not, attempted or successful—would still warrant deterrence.

The parties also contest the meaning of the Guidelines commentary relative to this enhancement. We need not consider the commentary to affirm the district court's application of the sentencing enhancement because the Guidelines text was clear, not "genuinely ambiguous." *Riccardi*, 989 F.3d at 485 (quoting *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019)); *see also United States v. Gould*, 30 F.4th 538, 544 (6th Cir. 2022). Even so, the Guidelines commentary supports a construction of the phrase encompassing attempt offenses that would "fall within the bounds of reasonable interpretation" of U.S.S.G. § 4B1.5(b). *Kisor*, 139 S. Ct. at 2416 (internal quotation marks omitted). Following *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc), we have held that "[t]his Court should . . . treat the commentary to the Guidelines as authoritative." *Hollon*, 948 F.3d at 757 (quoting *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005)).

---

then that action would not fall within the plain meaning of "prohibited sexual conduct" because it was not *itself* sexual in nature.

That authority exists so long as the commentary's interpretation does not expand the application of the Guidelines beyond the text nor add to the offenses specified in the statutory text. *United States v. Preece*, No. 22-5297, 2023 WL 395028, at *6-7 (6th Cir. Jan. 25, 2023). The Guidelines commentary here does neither. We turn to Knight's arguments to the contrary.

Knight first argues that Application Note 4, the Guidelines commentary applicable to § 4B1.5(b), does not support applying the enhancement to attempted conduct. He urges application of the canon of *expressio unius* to the language of the commentary, raising differences in the text of Application Note 4 and Application 2. According to Knight, the specific inclusion of the term "attempts" in Application Note 2 when defining the term "covered sex crime," with no similar inclusion of "attempts" in Application Note 4 to define the term "prohibited sexual conduct," suggests that attempted conduct should not be read as included in the latter term. CA6 R. 21, Appellant Br., at 10-11.

But Knight mischaracterizes his argument as dependent on *expressio unius* when it actually depends on the canon against surplusage. *Compare In re Davis*, 960 F.3d 346, 354–55 (6th Cir. 2020) ("the canon against surplusage . . . conveys the familiar rule that courts should 'give effect, if possible, to every word Congress used.'" (quoting *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 632 (2018))), *with Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) ("the canon *expressio unius est exclusio alterius* . . . has force only when the items expressed are members of an 'associated group or series.'"). Further, the canon against surplusage is "not an absolute rule," and Congress may use surplus language "to remove doubt." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 385 (2013). Here, contrary to Knight's arguments, Application Note 2 only clarifies the meaning of "covered sex crime" and plays no role in defining what is or is not included in "prohibited sexual conduct"—a service wholly provided by Application Note 4. *See* U.S.S.G.

§ 4B1.5(b) cmt. 4(A) (defining "prohibited sexual conduct" with regard to subsection (b)). The two provisions need not and do not influence the defined term of the other.

Moreover, there is no need for Application Note 4 to expressly incorporate the term "attempt" when it references statutes that already accomplish that task. Application Note 4(A) defines "prohibited sexual conduct" as:

> (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography.

*Id.*

Notably, the Application Note only references § 2426(b)(1)(A) or (B), without referring to 18 U.S.C. § 2426(b) in its entirety. These particular provisions incorporate by reference the offenses described "under [chapter 117], chapter 109A, chapter 110, or section 1591[.]" 18 U.S.C. § 2426(b)(1)(A). Chapter 117 criminalizes the attempted enticement of a minor, *see* 18 U.S.C. § 2422(b), and Chapter 110 criminalizes the attempted production of child pornography, *see* 18 U.S.C. §§ 2251. It follows, then, that the Application Note interprets the term "prohibited sexual conduct" to include attempted conduct, which accords with the plain meaning of the Guidelines text.

Knight also contends that the district court erred by relying on *Morgan* and *Broxmeyer*, out-of-circuit decisions that interpreted the definition of "prohibited sexual conduct" to encompass attempted conduct. *Morgan*, 842 F.3d at 1077 (holding that Application Note 4 included attempt crimes by reference to 18 U.S.C. § 2426(b)(1)(A)); *Broxmeyer*, 699 F.3d at 285 (holding that defendant's conviction for attempted production of child pornography satisfied "one of the two occasions of prohibited sexual conduct necessary to establish a pattern of activity" under

§ 4B1.5(b)). Knight argues that those decisions did not analyze the legislative history behind § 4B1.5(b), failed to account for the differences in Application Note 2 and Note 4, and applied unwarranted deference to Guidelines commentary because they were decided before *Havis* and *Kisor*. But, as previously mentioned, the legislative history of § 4B1.5(b) does not demonstrate any intent for the Guidelines definition of "prohibited sexual conduct" to exclude attempted conduct, and Application Note 2 plays no role in defining the term. Finally, that *Morgan* and *Broxmeyer* predate *Havis* and *Kisor* does not change that the Guidelines commentary only interprets "prohibited sexual conduct" without substantively adding to it. *See Preece*, 2023 WL 395028, at *6-7 (rejecting defendant's argument that "the § 4B1.5 commentary impermissibly expanded defendant's relevant conduct through an application note") (citation omitted). This conclusion is consistent within our circuit and sister circuits. *See, e.g.*, *Al-Cholan*, 610 F.3d at 955 (considering attempt offense as "prohibited sexual conduct" in the context of U.S.S.G. § 4B1.5(b) without discussing the issue); *see also United States v. Toney*, 859 F. App'x 1, 1-3 (8th Cir. 2021) (unpublished) (affirming § 4B1.5(b) enhancement based on the defendant's attempted production of child pornography).

Knight's last argument is to invoke the rule of lenity. However, the rule of lenity does not apply unless the court is left with a grievously ambiguous provision after employing all relevant tools of statutory interpretation. *Boucha*, 236 F.3d at 776. Without ambiguity, this rule is inapplicable here.

Because Knight's offense of conviction is a covered sex crime and because Knight engaged in a pattern of activity involving "prohibited sexual conduct," the conditions for the U.S.S.G. § 4B1.5(b) sentencing enhancement were satisfied. The district court did not abuse its discretion in finding so, and application of the enhancement was procedurally reasonable.

IV.

We affirm the district court's judgment and sentence.