NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0256n.06

No. 08-4017

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Apr 26, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,              )    ON APPEAL FROM THE
                                         )    UNITED STATES DISTRICT
    v.                               )    COURT FOR THE NORTHERN
                                         )    DISTRICT OF OHIO
LONNIE RAY KERESTES,                     )
                                         )
    Defendant-Appellant.             )
                                         )

BEFORE: SUHRHEINRICH, MCKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Lonnie Ray Kerestes appeals his 87-month sentence of imprisonment as unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), asserting that the district court violated his Sixth Amendment right to a jury trial because it found, by a preponderance of the evidence, that he had engaged in a pattern of prohibited sexual conduct under U.S.S.G. § 4B1.5(b) (2007), which supported a five-level sentencing enhancement. Kerestes argues that the district court's factual finding increased his penalty under the United States Sentencing Guidelines and therefore required a jury's determination beyond a reasonable doubt. We disagree and affirm.

I.

On February 26, 2008, Kerestes pleaded guilty without an agreement to one count of traveling to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b). The

presentence report ("PSR") assessed Kerestes's base offense level at 24 pursuant to U.S.S.G. § 2G1.3, "Prohibited Sexual Conduct with a Minor," and calculated his criminal history at Category I (based on zero criminal history points). The PSR recommended a two-level upward adjustment pursuant to § 2G1.3(b)(3) because Kerestes used a computer while committing the offense and a two-level upward adjustment for obstructing justice pursuant to § 3C1.1. The PSR also recommended a five-level enhancement to Kerestes's adjusted offense level pursuant to § 4B1.5(b) because the record indicated that he had engaged in a long-term incestuous relationship with his minor daughter. The PSR's calculations yielded a total offense level of 33 and an advisory Guidelines range of 135-168 months of imprisonment.

Kerestes filed objections to the PSR's upward adjustment for obstruction of justice and its recommended denial of a downward adjustment for his acceptance of responsibility. He also objected to the application of § 4B1.5(b) because the State of Pennsylvania did not prosecute him for a sex crime, and he denied any previous sexual misconduct with minors.

The district court conducted Kerestes's sentencing on August 11, 2008. The court overruled his § 4B1.5(b)-based objections but sustained his objections regarding the upward adjustment for obstruction of justice and the downward adjustment for his acceptance of responsibility. Based on these rulings, the district court calculated a base offense level of 24, § 2G1.3, a two-level upward adjustment for using a computer to commit the offense, § 2G1.3(b)(3), a five-level enhancement for engaging in a pattern of prohibited sexual conduct with a minor, § 4B1.5(b), and a three-level reduction for acceptance of responsibility, § 3E1.1, yielding a total offense level of 28 and an

advisory Guidelines range of 78-97 months of imprisonment. In doing so, the district court expressly rejected Kerestes's argument that its factual finding pursuant to § 4B1.5(b) was unconstitutional in light of *Apprendi.*

The district court sentenced Kerestes to 87 months of imprisonment and a lifetime of supervised release. Kerestes timely appeals.

## II.

Kerestes raises a solitary issue on appeal: whether the district court violated his Sixth Amendment right to a jury trial when it found, by a preponderance of the evidence, that he had engaged in a pattern of prohibited sexual conduct with a minor under U.S.S.G. § 4B1.5(b). We review his constitutional claim de novo. *United States v. Robergre*, 565 F.3d 1005, 1012 (6th Cir. 2009); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("This court reviews a [preserved] constitutional challenge to a sentence *de novo*.").

Section 4B1.5(b) (2007) of the United States Sentencing Guidelines provides:

(b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

(1) The offense level shall be **5** plus the offense level determined under Chapters Two and Three. However, if the resulting offense level is less than level **22**, the offense level shall be level **22**, decreased by the number of levels corresponding to any applicable adjustment from §3E1.1.

(2) The criminal history category shall be the criminal history category determined under Chapter Four, Part A.

The Guideline application notes for § 4B1.5(b) (2007) provide:

(B) Determination of Pattern of Activity.—

(i) In General.—For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.

(ii) Occasion of Prohibited Sexual Conduct.—An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.

U.S.S.G. § 4B1.5(b), cmt. n.4 (B)(i) and (ii) (2007).

Before the district court applied § 4B1.5(b), it discussed its reliance on two psychological reports submitted for sentencing purposes – a psychological examination of Kerestes's minor daughter, prepared by John A. Reinhardt, a licensed psychologist and Ph.D., and a psychological examination of Kerestes himself, prepared by Joseph Sheris, a licenced psychologist and M.A. The district court made the following statements at the sentencing hearing after reviewing the reports:

> Now, as far as Chapter 4 enhancements – and I understand this is – excuse me – I want to say probably the main argument, the main objection, I have read both reports in detail, that is, by Dr. Reinhart and also by Mr. Sharis. I have taken a look at this case as a whole. Nothing should ever be read as an island so to speak or on its own.
>
> There has to be context to what has happened in this case, and for purposes of the Court's finding whether there should be a [§ 4B1.5(b)] enhancement for pattern of activity under the Guidelines.
>
> Now, Mr. Kerestes' daughter was evaluated. I would have to agree with Mr. Sullivan this is a very good report. I have seen countless numbers of reports in my twelve years on the bench. This is a good one. I also took a look at Mr. Sharis' report. Let's start with the difference:

First of all, the daughter and the mother were both interviewed on the first report. Only Mr. Kerestes was interviewed by Mr. Sharis. It does make a difference. Mr. Sharis did not have the benefit of talking with the daughter or the mother, quite frankly.

Now, as far as the first report by Dr. Reinhart, Mr. Kerestes has raised consistently the allegations of a very contentious divorce. I don't doubt that, and in his view, this is what has caused the mother to have the child turn against him. We have seen that in many cases. That's not unusual. I don't find that convincing in this case.

[The daughter's] reports are specific, and I am looking at the discussion part, which I thought was very relevant, developmentally appropriate, describing various sexual acts and occurrences. (Child's name redacted) report of one large memory is clinically consistent, indicative of reports given by children who experience long-term sexual victimization, and here is what is crucial, especially when there is a very contentious divorce, the statements provided by (Child's name redacted) "did not have any adult content, logic, or semantics involved, and her statements appear to be indicative of an 11 year-old female."

That is very important because normally when we have a child being pressured or talked to, coached by a parent, there is something in there that reflects adult influence. I don't find that here. Also, her rationale for not disclosing in the past was very clear and specific due to fear of reprisal from her father and based upon her general fear that she had of his anger within the home. I will find that to be credible, too, because Mr. Kerestes himself suffered some abuse growing up.

We usually find that somehow and many times that is passed down in one way or another. That is consistent. And also the fact that he tried or sought to have sex with a 14 year-old [in the present case] is also consistent.

I would agree with Mr. Sullivan and disagree with Mr. Warner on the part that there is constitutional violation. Clearly, the law – the Supreme Court of the United States has made clear that the Court can make findings; does not violate the Constitution. It is appropriate for the Court to make findings.

There is preponderance of the evidence, and second of all, the Guidelines are advisory. They are not mandatory. The Court has discretion whether to accept the Guidelines, stay within them, go up, go down, that is depart, grant a variance under 3553(a). The Court has been given great latitude to do that, and there is no constitutional violation.

> The Court is called upon to make a finding, and that is whether under – by a preponderance of the evidence this occurred, and as we know, that means more probable than not, anything over 5-0 percent. I do find that here.

According to Kerestes, the district court's factual finding supporting its application of § 4B1.5(b)'s five-level enhancement violates *Apprendi* because it increased his penalty under the prescribed Guidelines range. Specifically, his applicable Guidelines range (based on a total offense level of 23) was 46-57 months of imprisonment, which increased to 78-87 months of imprisonment (based on a total offense level of 28) only after the district court engaged in impermissible fact finding. We disagree.

The *Apprendi* Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). The factual determination Kerestes complains of here, specifically, that he engaged in a pattern of activity involving prohibited sexual conduct with a minor on two separate occasions, affected the district court's calculation of his adjusted offense level only – it did not result in a sentence of imprisonment that was greater than the prescribed statutory maximum for his offense of conviction, traveling to engage in illicit sexual conduct with a minor, 18 U.S.C. § 2423(b), which is 360 months.

Since the Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), we have consistently held that a sentencing court may find facts using a preponderance-of-the-evidence standard while fashioning an appropriate Guidelines sentence. *Robergre*, 565 F.3d at 1012 (citing *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); *United States v. White*, 551 F.3d 381,

385 (6th Cir. 2008) (en banc) ("So long as the defendant receives a sentence at or below the statutory

ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial

by looking to other facts . . . when selecting a sentence within that statutory range."); *Gates,* 461 F.3d

at 708 ("We [hold] that the district court committed no . . . Sixth Amendment violation when it used

a preponderance of the evidence standard" during sentencing.).

Kerestes's argument is foreclosed by our binding precedent, and we therefore hold that his

87-month sentence of imprisonment is not unconstitutional under *Apprendi*.[1]  *See Robergre*, 565

F.3d at 1012; *White*, 551 F.3d at 385; *Gates,* 461 F.3d at 708.

III.

For these reasons, we affirm the order of the district court.

---

[1]Notably, Kerestes has not attacked the admissibility or reliability of the psychological reports themselves or the sufficiency of the district court's factual findings to support its application of § 4B1.5(b).  The issue on appeal, as Kerestes presents it, attacks only the constitutionality of the district court's factual finding under *Apprendi*.