NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0362n.06

No. 24-1912

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 23, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| JEREMY MCCALLUM, | ) | |
|     Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: CLAY, GILMAN, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Jeremy McCallum challenges the district court's application of sentencing enhancements for sexual exploitation of a minor in his custody, care, or supervisory control and for a pattern of prohibited sexual conduct pursuant to U.S.S.G. §§ 2G2.1(b)(5) and 4B1.5(b)(1), respectively. In addition, McCallum challenges his sentence as substantively unreasonable. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

The district court sentenced McCallum to eighty-five years in prison and fifteen years of supervised release after McCallum pleaded guilty to ten counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (d), and (e), and to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). McCallum was convicted of the above-mentioned offenses after law enforcement officers discovered evidence documenting McCallum's repeated sexual abuse of three minors between approximately 2000 and 2011. The minors, all of

whom are now adults, are each children of McCallum's former romantic partners and are identified in the record below as MV-1, MV-2, and MV-3. MV-1 was born in 1996, MV-2 was born in 2000, and MV-3 was born in 2001.

## A. Factual Background

On January 31, 2020, one of McCallum's sons, who was fourteen years old at the time, informed police that he saw pictures of nude girls on a tablet belonging to McCallum. The following day, on February 1, 2020, Michigan state police officers executed a search warrant at McCallum's residence in Holly, Michigan, where the officers recovered, inter alia, pairs of children's underwear, soiled diapers, photographs of child pornography, and video recordings of McCallum sexually assaulting MV-1, MV-2, and MV-3. Among the recordings, the officers recovered a DVD from McCallum's residence containing videos created in August 2006 depicting him touching MV-2's genitals and performing oral sex on MV-2. An additional video on the DVD depicted MV-1with her dress pulled up so that only her underwear covered her legs. Another video seized during the search depicted MV-3, who was nine or ten years old at the time of the recording, performing oral sex on McCallum.

In an interview conducted the day after the search of McCallum's residence, MV-1 reported that McCallum frequently sexually assaulted her when she was between the ages of five and eight years old, threatened her at gunpoint to scare her from revealing the assaults, and raped her again when she was eleven. MV-1 also identified herself in multiple nude photographs recovered by law enforcement officers from McCallum's residence and further identified McCallum as the one who photographed her. In subsequent interviews with law enforcement officers, MV-2 and MV-3 detailed similar accounts of McCallum's sexual abuse.

### B. Procedural History

On February 8, 2021, McCallum waived his right to prosecution by indictment and was charged via a criminal information with two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e), for causing MV-1 and MV-2 to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. On May 4, 2022, a grand jury in the Eastern District of Michigan returned a superseding indictment charging McCallum with one count of possession of child pornography and ten counts of sexual exploitation of children for his conduct relating to MV-1, MV-2, and MV-3. McCallum then moved to suppress the evidence seized during the February 1, 2020, search of his home, arguing that the search warrant authorizing the search was premised on observations made during a warrantless and purportedly unlawful search of his home by law enforcement officers the previous day. On April 5, 2023, the district court denied McCallum's motion to suppress. A grand jury subsequently returned a second superseding indictment charging McCallum again with ten counts of sexual exploitation of children and one count of possession of child pornography.

On June 18, 2024, McCallum pleaded guilty to the charges in the second superseding indictment. In a presentence investigation report ("PSR") submitted to the district court, the probation office (i) calculated an advisory United States Sentencing Guidelines term of imprisonment for McCallum of 290 years based upon a total offense level of 43 and a criminal history category of I, and (ii) recommended that the district court sentence McCallum to fifty years of imprisonment and fifteen years of supervised release. The probation office's recommendation included a two-level sentencing enhancement pursuant to U.S.S.G. § 2G2.1(b)(5) because it deemed MV-1, MV-2, and MV-3 to have been in McCallum's custody, care, or supervisory control at the time of McCallum's abuse. In addition, the probation office recommended a five-level

sentencing enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) because it considered McCallum to be a repeat and dangerous sex offender against minors. Following the probation office's submission of the PSR, McCallum and the government filed competing sentencing memoranda. McCallum requested that the district court sentence him to concurrent terms on each charge, resulting in a 25-year prison sentence. In contrast, the government sought a Guidelines sentence of 290 years' imprisonment.

The district court held a sentencing hearing on October 8, 2024. During the hearing, McCallum's defense counsel objected to the PSR's application of the §§ 2G2.1(b)(5) and 4B1.5(b)(1) sentencing enhancements. The district court overruled the objections, adopted the findings of the PSR, and sentenced McCallum to a below Guidelines sentence of eighty-five years in prison and fifteen years of supervised release.

McCallum filed a timely notice of appeal on October 17, 2024.

## II. DISCUSSION

McCallum argues on appeal that his sentence is procedurally and substantively unreasonable.

### A. Standard of Review

To withstand appellate review, McCallum's "sentence must be both procedurally and substantively reasonable." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019). We review claims concerning both types of reasonableness "for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo." *Id.* "The abuse-of-discretion standard is deferential: Even if we 'might have reasonably concluded that a different sentence was appropriate[, this] is insufficient to justify reversal of the district court.'" *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (alteration in original) (quoting

*United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)). We may find an abuse of discretion only if we are "left with the definite and firm conviction that the sentencing court committed a clear error of judgment." *United States v. Coppenger*, 775 F.3d 799, 802–03 (6th Cir. 2015).

## B. Analysis

### Procedural Reasonableness

To render a procedurally reasonable sentence, the district court must "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Bailey*, 931 F.3d 558, 562 (6th Cir. 2019) (quoting *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018)). McCallum contends that his sentence is procedurally unreasonable because he does not qualify as a caregiver for purposes of the § 2G2.1(b)(5) sentencing enhancement and because the district court applied the enhancement without conducting an evidentiary hearing. McCallum also argues that his sentence is procedurally unreasonable because the district court lacked sufficient evidence to determine that he engaged in a pattern of activity of prohibited sexual conduct for purposes of the § 4B1.5(b)(1) sentencing enhancement. We find that the district court's application of both enhancements was procedurally reasonable.

As an initial matter, we reject McCallum's contention that an evidentiary hearing was necessary for the district court to impose the § 2G2.1(b)(5) sentencing enhancement because the record evidence alone was sufficient to trigger the enhancement. Section 2G2.1(b)(5) provides for a two-level sentencing enhancement for sexual exploitation of a minor "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant[.]" U.S.S.G. § 2G2.1(b)(5). Consistent with the Sentencing Commission's directive, we apply this enhancement broadly.

*United States v. Sweeney*, 891 F.3d 232, 238 (6th Cir. 2018). To determine whether a defendant in McCallum's position fits within any of the enhancement's caregiver categories, a district court need make findings using only the preponderance-of-the-evidence standard, *United States v. Kerestes*, 375 F. App'x 509, 513 (6th Cir. 2010), which requires evidence that a given fact "was more likely than not" true, *United States v. Tolliver*, 949 F.3d 244, 249 (6th Cir. 2020) (per curiam). We review those findings under the clear error standard. *Sweeney*, 891 F.3d at 237.

In the instant case, the district court's consideration of the evidence led it to conclude that, for "the vast majority of the time," the minors' parents were not present, leaving the minors in McCallum's care when he committed the child exploitation offenses. Sentencing Hr'g Tr., R. 157, Page ID #1129. McCallum rejects this conclusion, arguing that the district court failed to "develop the actual relationship between [him] and the victims." Appellant's Br., ECF No. 50, 20. However, the district court explained its "understanding that the assaults all occurred in [McCallum's] home," leading it to determine "that the minors were at least temporarily entrusted to [McCallum's] care." Sentencing Hr'g Tr., R. 157, Page ID #1129. McCallum does not meaningfully rebut the district court's characterization of this evidence or his apparent supervisory authority over the minors. Doing so would likely be a tall task given that he admitted during his plea hearing to living with at least one of the minors. *See* Plea Hr'g Tr., R. 156, Page ID #1105 ("She lived with me all them years."). This court has previously upheld the application of the § 2G2.1(b)(5) enhancement to a defendant who lived with his minor victim for approximately two months and sometimes "help[ed] watch" the minor along with other adult members of the household while the minor's mother was not inside the residence. *See United States v. Sanderson*, No. 21-5900, 2022 WL 1133114, at *5 (6th Cir. Apr. 18, 2022). Given the caretaker dynamics at issue in this case—in which McCallum lived with one of the minors for years and was almost

always alone with the minors when the offenses occurred—and the preponderance-of-the-evidence standard that guided the district court's factfinding with respect to this enhancement, we cannot say that the district court clearly erred in applying the enhancement.

McCallum's arguments concerning the § 4B1.5(b)(1) sentencing enhancement fare no better. Section 4B1.5(b)(1) "applies to one who 'engage[s] in a pattern of activity involving prohibited sexual conduct,' so long as the defendant's present offense is a covered sex crime and the defendant has neither been previously convicted of a sex offense nor qualifies for a career offender enhancement under § 4B1.1." *United States v. Paauwe*, 968 F.3d 614, 617 (6th Cir. 2020) (alteration in original). The district court below overruled McCallum's objection to the § 4B1.5(b)(1) sentencing enhancement after determining that McCallum engaged in prohibited sexual contact with a minor on at least two occasions. McCallum contests this finding, arguing that it was premised on vague allegations. In doing so, McCallum effectively disputes the conduct to which he pled guilty. However, that conduct provides ample evidence that he engaged in a pattern of activity involving prohibited sexual conduct for purposes of § 4B1.5(b)(1).

As we have previously held, "[t]he plain language of § 4B1.5(b)(1) supports application of the enhancement when the government demonstrates by a preponderance of the evidence that a defendant, on more than one occasion, produced sexually explicit images of an individual under the age of eighteen." *United States v. Corp*, 668 F.3d 379, 391–92 (6th Cir. 2012). For that reason, we have repeatedly affirmed the application of the enhancement in cases where defendants have been found to have created sexually explicit images of minors in separate instances. *See, e.g.*, *id.* at 392; *United States v. Hall*, 733 F. App'x 808, 810 (6th Cir. 2018). In the instant case, police officers discovered multiple sexually explicit images of MV-1, MV-2, and MV-3 as minors in McCallum's home, and the images were created over a period of years. As mentioned above,

those images include multiple nude photographs of MV-1 as well as a video of MV-3 engaged in sex acts with McCallum. We therefore affirm the district court's application of the § 4B1.5(b)(1) sentencing enhancement because these images and videos clearly constitute a pattern of activity involving prohibited sexual conduct.

## Substantive Reasonableness

"Substantive reasonableness focuses on whether a 'sentence is too long (if a defendant appeals) or too short (if the government appeals).'" *United States v. Mitchell*, 107 F.4th 534, 544 (6th Cir. 2024) (quoting *Parrish*, 915 F.3d at 1047). "A sentence is substantively unreasonable when it is not 'proportionate to the seriousness of the circumstances of the offense and offender.'" *United States v. Schrank*, 975 F.3d 534, 536 (6th Cir. 2020) (quoting *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015)). Therefore, "when 'the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor,'" we will not hesitate to deem a sentence substantively unreasonable. *United States v. Gates*, 48 F.4th 463, 477 (6th Cir. 2022) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

McCallum argues that his sentence is substantively unreasonable because the district court failed to properly account for his limited criminal history and personal experience of abuse. In reviewing the reasonableness of other criminal sentences, we have cautioned that "district courts must address legitimate mitigating arguments raised by the defendant." *United States v. Sweeney*, 891 F.3d 232, 239 (6th Cir. 2018); *United States v. Allen*, 93 F.4th 350, 356 (6th Cir. 2024) (same). Despite McCallum's contentions otherwise, the record below satisfies us that the district court heeded our direction in this regard.

The district court explicitly acknowledged McCallum's personal experience of abuse during the sentencing hearing. *See* Sentencing Hr'g Tr., R. 157, Page ID #1156 ("The defendant disclosed that he was molested by a Big Brother mentor for several years through his childhood."). The district court also adopted the findings of the PSR, which extensively documented McCallum's abuse allegations. In addition, the district court acknowledged that McCallum's "criminal history is limited" and noted that he only had one prior conviction. *See id.* at Page ID #1157. Despite that single conviction, the district court determined that "[a] serious sentence is warranted to provide adequate deterrence for [McCallum] and others," as well as to protect the public. *Id.* at Page ID #1157–58. The district court was well within its discretion to make this choice. As it explained, McCallum "repeatedly committed hands-on sexual offense of three children ranging in the age from six months to 11 years old." *Id.* at Page ID #1157. In the district court's view, those repeated offenses were more salient than McCallum's limited prior criminal history. Given the extensive nature of the offenses and the district court's below Guidelines sentence, we cannot say that the district court abused its discretion in fashioning McCallum's sentence. *See United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

## III. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.